UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | May 29, 2014 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (In chambers:) DEFENDANT JAR-RAMONA'S MOTION TO STRIKE CERTAIN ALLEGATIONS IN THE FIRST AMENDED COMPLAINT (dkt. 58, filed May 2, 2014)

(In chambers:) DEFENDANT JAR-RAMONA'S MOTION TO SEVER AND DISMISS BASED ON MISJOINDER (dkt. 58-1, filed May 2, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 2, 2014, is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION AND BACKGROUND

On March 7, 2013, plaintiff Cecil Shaw filed this action against defendants Jar-Ramona Plaza, LLC ("Jar-Ramona"), Leslie's Poolmart ("Leslie's"), Dollar Tree Stores, Inc. ("Dollar Tree"), Radio Shack Corporation ("RadioShack"), Grocery Outlet, Inc. ("Grocery Outlet"), Grocery Outlet Hemet #100 Inc. ("Grocery Outlet #100"), and Mehnga Foods, doing business as Subway #33424 ("Subway"). Plaintiff's operative First Amended Complaint ("FAC") asserts claims under (1) certain provisions of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182-83, (2) California's Unruh Act, Cal. Civ. Code §§ 51 et seq, and (3) California Health and Safety Code § 19955. In brief, plaintiff asserts that he is disabled and was denied equal access and accommodations in defendants' shopping plaza and store. FAC ¶ 10.

On May 2, 2014, Jar-Ramona filed (1) a motion to strike certain allegations from the FAC, and (2) a motion to sever and dismiss based on misjoinder. Dkt. 58. Plaintiff filed oppositions on May 16, 2014, dkts. 61-62, and Jar-Ramona replied on May 19,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | May 29, 2014 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

2014, dkt. 63.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.     ANALYSIS

### A.     Motion to Strike

Jar-Ramona moves to strike subparagraphs 10(b)(1) and 10(c)(1) from the FAC. Subparagraph 10(b)(1) asserts that a particular handicapped parking space is too narrow, while subparagraph 10(c)(1) asserts that there is no handicapped parking space near the Subway store in the shopping center parking lot.  Jar-Ramona contends that the Court previously adjudicated these claims in its February 10, 2014 order granting in part and denying in part Jar-Ramona's motion for summary judgment.  Dkt. 48.  In that order, the Court dismissed the parking space allegations as moot based on evidence that the parking lot is currently in compliance with all applicable parking lot regulations.

However, on May 28, 2014, the Court issued an amended order on Jar-Ramona's motion for summary judgment.  This amended order clarified that although plaintiff's parking-lot claims under the ADA and California Health and Safety Code § 19955 were moot, plaintiff's claims under the Unruh Act were not moot because "[u]nlike the ADA, the Unruh Act permits the recovery of monetary damages."  Vogel v. Rite Aid Corp., 2014 WL 211789, at *8 (C.D. Cal. Jan. 17, 2014).  As such, plaintiff could potentially still recover damages even if the parking-space violations were subsequently remedied by defendants.  Wilson v. Pier 1 Imports (US), Inc., 439 F. Supp. 2d 1054, 1069 (E.D. Cal. 2006) ("[T]he court must conclude that defendants have cured the defect.  Therefore, the court concludes that the issue is moot for the purposes of the ADA.  However, the claim is not moot under the Unruh Act, since damages are still available . . . .").

Accordingly, the Court concludes that it did not previously adjudicate plaintiff's claims under the Unruh Act, and thus declines to strike subparagraphs 10(b)(1) and 10(c)(1) from the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | May 29, 2014 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

**B.  Motion to Sever Based on Misjoinder**

Jar-Ramona also moves to sever the individual store defendants from this action, arguing that they were misjoined. Jar-Ramona argues that joinder of all of the individual store defendants prevents Jar-Ramona from properly asserting defenses that might protect Jar-Ramona from liability with respect to violations that may have occurred in particular stores.

Under Fed. R. Civ. P. 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). "Rule 20(a)(2) is designed to promote judicial economy and trial convenience." Hard Drive Prods., Inc. v. Does 1-188, 809 F. Supp. 2d 1150, 1156 (N.D. Cal. 2011).

Here, overwhelming considerations of judicial economy compel the Court to deny Jar-Ramona's motion to sever. The Court is not prepared to try five separate cases for accessibility violations that all allegedly occurred within a single shopping center. Although the Court previously granted defendant Dollar Tree's motion to sever, it did so because the motion was explicitly unopposed, see dkt. 51, and declines to take the additional step of severing all of the remaining individual store defendants.

**III. CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES Jar-Ramona's motion to strike certain allegations from the FAC and also DENIES Jar-Ramona's motion to sever and dismiss based on misjoinder.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |