UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:      Attorneys Present for Defendants:

Tanya Moore      Richard Leonard

**Proceedings:**      DEFENDANT JAR-RAMONA'S MOTION FOR PARTIAL SUMMARY JUDGMENT (dkt. 81, filed Septmeber 25, 2014)

## I. INTRODUCTION

On March 7, 2013, plaintiff Cecil Shaw filed this action against defendants Jar-Ramona Plaza, LLC ("Jar-Ramona"), Leslie's Poolmart (8"Leslie's"), Dollar Tree Stores, Inc. ("Dollar Tree"), Radio Shack Corporation ("RadioShack"), Grocery Outlet, Inc. ("Grocery Outlet"), Grocery Outlet Hemet #100 Inc. ("Grocery Outlet #100"), and Mehnga Foods, doing business as Subway #33424 ("Subway").[1] The operative first amended complaint ("FAC") asserts claims under (1) certain provisions of the American with Disabilities Act, 42 U.S.C. §§ 12182-83, (2) California's Unruh Act, Cal. Civ. Code § 51 *et seq*, and (3) California Health and Safety Code § 19955. Dkt. 57. In brief, plaintiff asserts that he is disabled and was denied equal access and accommodations in defendant's shopping plaza and the stores leasing space within it.

On February 10, 2014, the Court issued an order granting in part and denying in part Jar-Ramona's motion for summary judgment. Dkt. 48. On April 23, 2014, plaintiff filed his FAC. Dkt. 57. Subsequently, Jar-Ramona filed a motion to strike certain allegations from the FAC. Dkt. 58. The Court denied Jar-Ramona's motion and, in so doing, amended its February 10, 2014 summary judgment order. Dkt. 69; Dkt. 27.[2] Specifically, the Court vacated its decision granting summary judgment on plaintiff's claims for damages under the Unruh Act. Dkt. 27 at 3-4.

---

[1] On March 7, 2014, the Court granted Dollar Tree's unopposed motion to sever and dismiss them from the case. Dkt. 51.

[2] Docket entry 27 is associated with plaintiff's now separate action against Dollar Tree, Case No. 5:14-cv-00488-CAS-SPx.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

On September 25, 2014, Jar-Ramona filed the instant motion for partial summary judgment, challenging plaintiff's two claims for damages under the Unruh Act that are predicated on alleged access barriers encountered by plaintiff in Jar-Ramona's parking lot. Dkt. 81.[3] Plaintiff opposed the motion on October 9, 2014, dkt. 88, and Jar-Ramona replied on October 10, 2014, dkt. 89. The Court held a hearing on October 27, 2014. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND[4]

Plaintiff Cecil Shaw requires the use of a wheelchair when traveling about in public. FAC ¶ 8. Consequently, plaintiff is "physically disabled" as defined by applicable California and United States laws. Id. Defendant Jar-Ramona owns the Ramona Plaza Shopping Center (the "Plaza") located in Hemet, California. Declaration of Pauline Belcher ("Belcher Decl.") ¶ 1; FAC ¶ 1.[5] Jar-Ramona leases space in the Plaza to several retail stores, including Grocery Outlet, RadioShack, Dollar Tree, Subway, and Leslie's Poolmart. Belcher Decl. ¶ 2.

---

[3] Plaintiff argues that Jar-Ramona "inexplicably misrepresents to the Court that only two claims remain with regards to the [Plaza's] common areas." Opp'n Mot. SJ at 2. Specifically, plaintiff contends that Jar-Ramona is jointly and severally liable for certain barriers encountered by plaintiff inside the Subway store. Id. Further, plaintiff contends that he has standing to challenge other alleged barriers to access in the Plaza's common areas, even though he did not personally encounter those barriers. Id. In response, Jar-Ramona asserts that these additional claims are irrelevant to the instant motion. Reply Mot. SJ at 2. Whether or not Jar-Ramona has "misrepresented" the number of remaining claims asserted against it, Jar-Ramona does not seek summary judgment on the claims identified by plaintiff and, accordingly, the Court does not address them here.

[4] Except where noted, the following facts are not in dispute.

[5] Pauline Belcher manages the Plaza property on behalf of owner Jar-Ramona. Belcher Decl. ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

On several dates in 2011 and 2012, plaintiff visited the Plaza. See FAC. As is relevant here, plaintiff alleges that he personally encountered barriers to access in Jar-Ramona's parking lot on September 8, 2011, and September 9, 2011. Id. ¶¶ 10(b)(1), 10(c)(1). Specifically, plaintiff identifies the following two issues:

1. "Plaintiff parked in a designated accessible parking space between the RadioShack Facility and the nearby Dollar Tree store, which parking space was narrow, making it difficult for Plaintiff to transfer between his vehicle and his wheelchair." FAC ¶ 10(b)(1).

2. "Plaintiff was unable to locate an accessible parking space near the entrance to the Subway Facility and was forced to park in a standard space which was improperly configured and lacked an access aisle, making it difficult for Plaintiff to transfer between his vehicle and his wheelchair." Id. ¶ 10(c)(1).

For ease of reference, the site plan for the Plaza is set forth below:[6]

---

[6] Defendants assert that the parking spaces numbered 1 through 7 identify the "accessible spaces and van accessible spaces in the vicinity of the Subway, Dollar Tree and RadioShack stores." Defendant's Statement of Uncontroverted Facts ("DSUF") ¶ 8. Although plaintiff disputes that this diagram accurately reflects the layout of the parking lot during his September 2011 visits, he does not dispute that this diagram accurately represents the general layout of the Plaza. Plaintiff's Statement of Genuine Disputes ("PSGD") ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'**

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |



Mot. SJ., Ex. 1.

In September 2008, Jar-Ramona contracted with Schaefer's Parking Lot Services ("Schaefer's") to "redo" the Plaza's parking lot, including repainting the accessible parking spaces.  DSUF ¶ 12; PSGD ¶ 12.[7]  The contract for the 2008 work states that Schaefer's agreed to "repaint approx. 13 each handicapped stall(s) with 1 coat(s) of traffic paint."  Mot. SJ, Ex. 2, PSGD ¶ 19; see Declaration of Stan Wheel ("Wheel Decl.") ¶ 2 (confirming that this is a true and correct copy of the contract).[8]  Although the

---

[7] Defendant appears to have inadvertently mis-numbered the paragraphs in its statement of uncontroverted facts.  The Court has assigned these paragraphs their appropriate numerical order for ease of reference.

[8] Stan Wheel is the owner of Schaefer's, and his signature appears on the 2008 contract.  Wheel Decl. ¶ 1; Mot. SJ, Ex. 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

2008 contract identifies 13 accessible spaces to be repainted, Jar-Ramona asserts—and plaintiff disputes—that the Plaza has maintained 17 accessible parking spaces since 2008. DSUF ¶ 7; PSGD ¶ 7.

Following the initiation of this lawsuit, Jar-Ramona hired Dwight Ashdown, an architect and a registered Certified Access Specialist, to conduct an accessibility compliance review of the Plaza. DSUF ¶ 14; PSGD ¶ 14. Ashdown conducted this review on October 10, 2013. DSUF ¶ 15; PSGD ¶ 15. At that time, Ashdown measured the accessible spaces identified in the Plaza's site plan, included supra. Ashdown Decl. ¶ 2-3. Ashdown concluded that these spaces met the size requirements of both the ADA and state law. Id. ¶ 3.[9]

Plaza property manager Pauline Belcher accompanied Ashdown during his October 10, 2013 accessibility inspection. Belcher Decl. ¶ 4; PSGD ¶ 20. During the inspection, Belcher noticed that the painted lines of the accessible spaces were fading and needed to be repainted. Id. As a result, she once again contracted with Schaefer's to repaint the accessible spaces in December 2013. Id.; Wheel Decl. ¶ 3; Mot. SJ, Ex. 4 (2013 contract). Wheel avers that he instructed his employees that the stripes on the accessible spaces were to be repainted "as is," without enlarging or otherwise relocating them. Id. Although plaintiff does not specifically dispute Wheel's declaration, he asserts that he "does not know when the parking space he tried to park in . . . was enlarged, but such was done after his September 2011 visit." PSGD ¶ 18.

During his October 10, 2013 accessibility inspection, Ashdown took several photographs of the accessible parking spaces. DSUF ¶ 20; Ashdown Decl. ¶ 5; Mot. SJ, Ex. 3. Plaintiff also took photographs of the accessible parking spaces when he visited the Plaza in February 2014. Shaw Decl. ¶ 6, Ex. A. Both sets of photographs show the existence of faded lines and faded wheelchair symbols alongside more brightly painted lines and wheelchair symbols. Below is a photograph taken by Ashdown during the October 2013 accessibility inspection:

---

[9] Plaintiff objects to this testimony as an improper legal conclusion unsupported by actual measurements. Pl.'s Obj. at 2. The Court finds this objection moot, since plaintiff does not dispute that the parking spaces complied with the relevant accessibility standards in 2013 when Ashdown measured them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:13-cv-01563-CAS(SPx) | Date | October 27, 2014 |
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |



Mot. SJ, Ex. 3.

According to plaintiff, the layout he observed during his February 2014 visit was "totally different" from what he experienced in September 2011. Shaw Decl. ¶ 6. Plaintiff has "no doubt" that the accessible space in which he parked in September 2011 "was not wide enough." Id. ¶ 9. Further, plaintiff asserts that the parking spaces marked as numbers 1, 5, and 6 on the Plaza site plan either "did not exist, or they were so poorly marked that [he] could not identify them" during his September 2011 visit. Id. ¶ 12.

Plaintiff and Jar-Ramona agree that the Plaza parking lot currently complies with applicable requirements concerning the number and layout of accessible spaces. DSUF ¶¶ 10, 11; PSGD ¶¶ 10, 11. However, they disagree as to whether the parking lot existed during plaintiff's September 2011 visit as it exists today.

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

**IV. DISCUSSION**

As discussed above, plaintiff identifies two parking barriers that he contends impeded his right to equal access to the Plaza when he visited in September 2011. Jar-Ramona does not appear to dispute that they would be subject to liability for damages under the Unruh Act if these two alleged barriers existed in September 2011 and plaintiff personally encountered them.

At bottom, Jar-Ramona argues that summary judgment is appropriate because the evidence demonstrates that the parking lot was not altered between 2008 and December 2013, and if it met the relevant accessibility requirements on both dates, it necessarily met these requirements during plaintiff's September 2011 visits. First, Jar-Ramona asserts that plaintiff's allegation that he could not locate accessible spaces near the Subway on September 9, 2011, necessarily fails because, "[a]s shown on the site plan, at all relevant times there have been four accessible parking spaces within close proximity to the Subway facility." Mot. SJ at 11. Thus, if plaintiff could not "locate" an accessible space, Jar-Ramona asserts that it was possibly because these spaces were already

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

occupied—not because Jar-Ramona failed to make them available or properly mark them in the first instance. Id.[10] Second, with regard to plaintiff's claim that the accessible spot in which he parked on September 8, 2011, was too narrow, Jar-Ramona contends that the evidence "conclusively determines that the spaces were appropriately sized in 2011." Id. at 16. Specifically, Jar-Ramona asserts that the evidence demonstrates that there was no repainting of the lines between 2008, when they were painted by Schaefer's, and October 2013, when Ashdown conducted his accessibility inspection. Id.

In opposition, plaintiff asserts that summary judgment is inappropriate because there is a genuine dispute regarding the layout of the parking lot in September 2011. Opp'n Mot. SJ at 1. Specifically, plaintiff asserts that Jar-Ramona has not presented any evidence regarding the condition of the accessible parking spaces at the time of plaintiff's 2011 visit, and plaintiff identifies several inconsistencies in the evidence Jar-Ramona does proffer. Id.

First, although Pauline Belcher's declaration states that the parking lot was "redone" in 2008 and then repainted in 2013 without enlarging the accessible spaces, nothing in Belcher's declaration or Jar-Ramona's exhibits indicates the size of the parking spaces in 2008 or whether any additional re-striping was done between 2008 and September 2011. Id. at 3. Plaintiff points to the photographs taken by Ashdown in October 2013 and by plaintiff in February 2014—both of which show faded lines and wheel chair symbols, indicating that the parking space "was at one time configured quite differently that it is at present, or was [in] October 2013." Id. Further, plaintiff states that these faded lines represent the configuration of the parking space at the time of his September 8, 2011 visit. Shaw Decl. ¶ 6.

---

[10] During oral argument, Jar-Ramona reasserted its argument that if plaintiff could not "locate" an accessible space during his September 2011 visit, it was simply because those spaces were already occupied by people with disabilities, and thus plaintiff failed to state a claim. Jar-Ramona misconstrues plaintiff's allegations. Plaintiff alleges that he could not locate an accessible space either because such spaces did not exist in September 2011, or such spaces were inadequately marked in September 2011—not because they were occupied by vehicles. Accordingly, the Court DENIES summary judgment on this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

     Second, plaintiff points out that while Jar-Ramona argues that the appropriate number of accessible spaces have been provided at the Plaza since 2008, this "does not appear to be true." Id. at 5. Plaintiff notes that, in 2008, Schaefer's was hired to paint 13 accessible parking spaces. Id. However, Jar-Ramona asserts that the parking lot currently contains 17 accessible spaces—and has contained those spaces since 2008. Id.; DSUF ¶ 7. Plaintiff argues that this four-space discrepancy, coupled with the faded lines in the photographs, suggests that Jar-Ramona "has done more work to the parking lot than it has identified." Id. at 5.

     Third, plaintiff asserts that as an individual with disabilities who has "a tremendous amount of experience" with accessible parking, his testimony regarding the alleged access barriers is entitled to significant weight. Id. at 7 (citing Strong v. Valdez Fine Foods, 724 F.3d 1042 (9th Cir. 2013)). In his declaration, plaintiff testifies that he is "confident" that the spaces marked as 1, 5, and 6 on defendant's site plan "were not properly identified during [his] September 2011 visit to the nearby Subway Store." Shaw Decl. ¶ 12. Plaintiff further testifies that as a person who "regularly [has] to transfer from [his] vehicle to [his] wheelchair . . . [he] is quite familiar with the difference between a parking space that is wide enough and those that aren't"—and the accessible spot in which he parked in September 2011 was not wide enough. Id. ¶ 9.

     The Court finds that a genuine issue of material fact exists regarding the configuration of the parking lot and the size of the accessible spaces contained therein when plaintiff visited the Plaza in September 2011. As a preliminary matter, the evidence proffered by Jar-Ramona does not conclusively establish that the parking lot existed in September 2011 as it existed in October 2013 when Ashdown conducted his inspection, or as it appears today in the site plan. In any event, plaintiff is correct that his personal observations regarding the alleged accessibility barriers suffice to defeat defendant's summary judgment motion. Strong, 724 F.3d at 1045 (9th Cir. 2013) (finding quadriplegic plaintiff's "personal observations, based on his prolonged experience with ADA-compliant (and non-compliant) access ramps, are enough to propel him past summary judgment."). In light of this, the Court cannot conclude as a matter of law that plaintiff did not encounter the two accessibility barriers he alleges he encountered in September 2011. Accordingly, the Court DENIES Jar-Ramona's motion for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court DENIES defendant's motion for summary judgment.

IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |