UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | SHAW v. JAR-RAMONA PLAZA, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION AGAINST DEFENDANT JAR-RAMONA (dkt. 98-1, filed Jan. 28, 2015)

## I.  INTRODUCTION

Plaintiff Cecil Shaw asserts that he is disabled and was denied equal access and accommodations at a shopping plaza owned by defendant Jar-Ramona Plaza, LLC ("Jar-Ramona").  On March 7, 2013, plaintiff filed this action against Jar-Ramona and its tenants, defendants Leslie's Poolmart ("Leslie's"), Dollar Tree Stores, Inc. ("Dollar Tree"), Radio Shack Corporation ("RadioShack"), Grocery Outlet, Inc. ("Grocery Outlet"), Grocery Outlet Hemet #100, Inc. ("Grocery Outlet #100"), and Mehnga Foods, doing business as Subway #33424 ("Subway").[1]  His first amended complaint ("FAC") asserts claims under (1) certain provisions of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182-83, (2) California's Unruh Act, Cal. Civ. Code § 51, et seq., and (3) California Health and Safety Code § 19955.  Dkt. 57.

On February 10, 2014, the Court issued an order granting in part and denying in part Jar-Ramona's motion for summary judgment.  Dkt. 48.  On April 23, 2014, plaintiff

---

[1] On March 7, 2014, the Court granted Dollar Tree's unopposed motion to sever and dismiss it from the case.  Dkt. 51.  On October 24, 2013, August 25, 2014, and November 24, 2014, respectively, the Court granted plaintiff's requests to dismiss Leslie's, Grocery Outlet, Grocery Outlet #100, and Subway.  Dkt. 76; dkt. 94; dkt. 97.  On November 5, 2014, the remaining parties stipulated to dismiss RadioShack.  Dkt. 94.  Thus, Jar-Ramona is the last defendant left in the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | SHAW v. JAR-RAMONA PLAZA, LLC | | |

filed his FAC.  Dkt. 57.  On May 2, 2014, Jar-Ramona filed a motion to strike certain allegations.  Dkt. 58.  The Court denied Jar-Ramona's motion and, in so doing, amended its February 10, 2014 order to vacate its decision granting summary judgment on plaintiff's claims for damages under the Unruh Act.  Dkt. 69; Dkt. 27 at 3-4.[2]  On September 25, 2014, Jar-Ramona moved for partial summary judgment, challenging two of plaintiff's claims for damages under the Unruh Act, both predicated on barriers to access that he allegedly encountered in the parking lot.  Dkt. 81.  On October 27, 2014, the Court denied Jar-Ramona's motion.  Dkt. 93.

On January 28, 2015, plaintiff filed the present motion for summary judgment or, in the alternative, summary adjudication against Jar-Ramona.  Dkt. 98.  On February 9, 2015, Jar-Ramona filed its opposition to the motion for summary judgment.  Dkt. 99.  On February 13, 2015, plaintiff filed his reply, dkt. 101, and on January 19, 2015, Jar-Ramona filed a sur-reply with leave of the Court, dkt. 105.  On March 2, 2015, the Court held a hearing and heard oral argument.  For the reasons stated below, the Court denies the motion for summary judgment.

## I.  BACKGROUND

Defendant Jar-Ramona owns the Ramona Plaza Shopping Center ("Plaza") in Hemet, California and leases store space to Leslie's, RadioShack, Dollar Tree, Grocery Outlet, and Subway.  Declaration of Jar-Ramona's property manager, Pauline Belcher ("Belcher Decl.") ¶¶ 1-2; FAC ¶ 1.  For ease of reference, a diagram of the Plaza is set forth below[3]:

---

[2] Docket entry 27 is associated with plaintiff's now separate action against Dollar Tree, Case No. 5:14-cv-00488-CAS-SPx.

[3] The parking spaces numbered 1 through 7 allegedly identify the locations of "the seven accessible spaces in the vicinity of [the Subway, Dollar Tree, and RadioShack stores]."  Belcher Decl. ¶ 2.  The four van accessible spaces close to the RadioShack and Subway stores are numbered 1 through 4, and the other three accessible spaces close to those stores are numbered 5 through 7.  Id. ¶¶ 2-6; Declaration of Jar-Ramona's expert witness, Dwight Ashdown ("Ashdown Decl.") ¶¶ 8-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 16, 2015 |
| Title | SHAW v. JAR-RAMONA PLAZA, LLC | | |



Mot. SJ., Exh. B.

    Plaintiff is confined to a wheelchair and therefore is "physically disabled" as defined by relevant federal and state law. FAC ¶ 8. In his motion for summary judgment, plaintiff contends that he visited the Plaza on September 8, 2011 and September 9, 2011 and encountered four barriers to access, three involving the common areas (two in the parking lot and one in front of the Grocery Outlet store) and one in the Subway store. Specifically, plaintiff identifies the following four barriers:

1.     "Plaintiff parked in a designated accessible parking space between the RadioShack Facility and the nearby Dollar Tree store, which parking space was narrow, making it difficult for Plaintiff to transfer between his vehicle and his wheelchair." [FAC ¶¶ 10(b)(1); Mot. SJ at 8];

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 16, 2015 |
| Title | SHAW v. JAR-RAMONA PLAZA, LLC | | |

2. "Plaintiff was unable to locate an accessible parking space near the entrance to the Subway Facility and was forced to park in a standard space which was improperly configured and lacked an access aisle, making it difficult for Plaintiff to transfer between his vehicle and his wheelchair." [FAC ¶¶ 10(c)(1); Mot. SJ at 10];

3. "The aisles within the Subway Facility between the tables and chairs lacked necessary wheelchair clearances, making it difficult for Plaintiff to maneuver his wheelchair around inside the restaurant." [FAC ¶¶ 10(c)(2); Mot. SJ at 10]; and

4. "The route from the RadioShack Facility to the entrance of the nearby Grocery Outlet store (located within the same shopping center as the Facilities) was excessively sloped, which made it difficult for Plaintiff to maneuver his wheelchair to the Grocery Outlet after leaving the RadioShack Facility. Plaintiff required assistance from his wife, who was barely able to push him up the hill." [FAC ¶¶ 10(b)(3); Mot. SJ at 11].

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | SHAW v. JAR-RAMONA PLAZA, LLC | | |

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. ANALYSIS

### 1. Claims Regarding the Parking Spaces

Plaintiff's first two claims address the accessibility of the Plaza's parking spaces. In Claim One, he asserts that a parking space between the RadioShack store and the Dollar Tree store was too narrow. FAC ¶¶ 10(b)(1); Mot. SJ at 8. In Claim Two, he avers that he could not find an accessible parking space near the Subway store. FAC ¶¶ 10(c)(1); Mot. SJ at 10. Jar-Ramona's response to these claims is substantially identical to the grounds for its unsuccessful motion for summary judgment. See dkt. 81. Jar-Ramona claims that since the Plaza had 323 total spaces, it was only required to provide eight accessible spaces, two of which had to be van accessible. According to Jar-Ramona, prior to plaintiff's visits in 2011, the Plaza already had 17 accessible spaces, nine of which were van accessible. Seven of the 17 spaces were close to the RadioShack and Subway stores, and four were van accessible. Ashdown Decl. ¶ 8.

Reasserting assertions made in support of its motion for summary judgment, Jar-Ramona specifies that in September 2008, it entered into a contract with Schaeffer's Parking Lot Service ("Schaeffer's") to redo the parking lot, including by re-striping the 14 accessible spaces. Belcher Decl. ¶ 3; Exh. 4. As part of the work being done at the Plaza in 2009, the City of Hemet required Jar-Ramona to add an additional three accessible spaces. Belcher Decl. ¶ 4; Exh. 10. Jar-Ramona did no further work on the accessible spaces until December 2013, when it again had the parking lot re-striped and painted. Jar-Ramona submits that the work done in 2013 did not change the size or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 16, 2015 |
| Title | SHAW v. JAR-RAMONA PLAZA, LLC | | |

location of the accessible spaces. Belcher Decl. ¶ 5; Declaration of Stan Wheel ("Wheel Decl.") ¶ 4. Thus, according to Jar-Ramona, the condition of the parking lot remained unchanged between 2009 and 2013. Belcher Decl. ¶ 6.

Plaintiff denies these assertions for the same reasons as he did in response to Jar-Ramona's motion for summary judgment. See dkt. 88. As this Court previously held, "plaintiff does not dispute that the Plaza parking lot complies with applicable requirements concerning the number and layout of handicapped spaces." Dkt. 48 at 9. However, plaintiff alleges that Jar-Ramona fixed the barriers he encountered by adding new spaces and enlarging old spaces at some point after his visits in 2011. Mot. SJ at 8-11; Declaration of Cecil Shaw ("Shaw Decl.") ¶¶ 8-10, 12-18. As the Court held in denying Jar-Ramona's summary judgment motion, this factual dispute precludes summary judgment:

> The Court finds that a genuine issue of material fact exists regarding the configuration of the parking lot and the size of the accessible spaces contained therein when plaintiff visited the Plaza in September 2011. As a preliminary matter, the evidence proffered by Jar-Ramona does not conclusively establish that the parking lot existed in September 2011 as it existed in October 2013 when Ashdown conducted his inspection, or as it appears today in the site plan. In any event, plaintiff is correct that his personal observations regarding the alleged accessibility barriers suffice to defeat defendant's summary judgment motion. Strong, 724 F.3d at 1045 (9th Cir. 2013) (finding quadriplegic plaintiff's "personal observations, based on his prolonged experience with ADA-compliant (and non-compliant) access ramps, are enough to propel him past summary judgment.").

Dkt. 93 at 9.

Although this language addressed the parking lot claims in light of the fact that plaintiff was the non-moving party, the holding that there remains a genuine issue of material fact with regard to the accessibility of the parking lot when plaintiff visited the Plaza in 2011 is equally true now that Jar-Ramona is the non-movant, and the Court must therefore draw reasonable inferences in favor of Jar-Ramona. See Matsushita, 475 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | SHAW v. JAR-RAMONA PLAZA, LLC | | |

at 587; Valley Nat'l Bank, 121 F.3d at 1335. The parties agree that the parking spaces presently comply with the laws on accessibility, but disagree on whether they also conformed when plaintiff visited the Plaza in 2011. Plaintiff, like Jar-Ramona, is not entitled to a grant of summary judgment on the parking lot claims.

    **2.**     **Claim Regarding the Subway Store**

In Claim Three, plaintiff asserts that the aisles between the tables and chairs inside the Subway store "lacked necessary wheelchair clearances" and made it "difficult" for him to maneuver. FAC ¶¶ 10(c)(2); Mot. SJ at 10. The only support for the claim is Plaintiff's Declaration at ¶¶ 16-18. Plaintiff's expert witness, Chad Frisby, does not address the claim. See Declaration of Chad Frisby ("Frisby Decl.").

As stated in the declaration of Jar-Ramona's expert witness, Dwight Ashdown, the public portion of the Subway store contains a row of tables and chairs against one wall (that includes a space for customers with disabilities) and non-attached tables and chairs in the middle of the store. Ashdown Decl. ¶ 14. A photograph of the interior of the Subway store showing the movable tables and chairs is copied below:



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 16, 2015 |
| Title | SHAW v. JAR-RAMONA PLAZA, LLC | | |

Ashdown Decl. ¶ 14, Exh. 2. Ashdown opines that "the non-fixed seating allows for a five to six foot aisle space, where only 36 inches [3 feet] is required by the ADA." Id. ¶ 14. Even so, he admits that "[i]t it is possible that store patrons moved a chair resulting in a narrowing of the pathway on some occasions." Id. The record contains no evidence of how often (if ever) this occurred.

A temporary impediment to access by a movable piece of furniture does not violate the ADA or the Unruh Act. See, e.g., Sharp v. Islands Rest.-Carlsbad, 900 F. Supp. 2d 1114, 1126 (S.D. Cal. 2012) (granting summary adjudication on a claim that the path of travel was blocked by chairs because "the ADA only applies to 'architectural barriers' and not temporary or removable barriers"); see also Cal. Council of the Blind v. Cnty. of Alameda, 985 F. Supp. 2d 1229, 1240 (N.D. Cal. 2013) (noting that 28 C.F.R. § 35.133 does not prohibit isolated or temporary interruptions in service or access due to maintenance or repairs).

Whether a barrier is temporary or removable presents a question of fact. See Cal. Council of the Blind, 985 F. Supp. 2d at 1240 (noting that "the duration of, frequency of, and reason for the failure of accessible voting machines to operate properly is a question of fact."). As plaintiff only asserts that he observed insufficient clearance at the Subway store during a single visit on September 9, 2011, it is far from clear that he had enough time to determine that this barrier was permanent as opposed to temporary. To the extent that plaintiff makes such a claim, it presents, at best, a question of fact. On the record before the Court, it is certainly not grounds for summary judgment in plaintiff's favor.

### 3. Claim Regarding the Slope in Front of the Grocery Outlet Store

In Claim Four, plaintiff avers that the route from the RadioShack store to the Grocery Outlet store was "excessively sloped." FAC ¶¶ 10(b)(3); Mot. SJ at 11. The wall behind the slope is part of the Grocery Outlet store. Belcher Decl. ¶ 8; Ashdown Decl. ¶ 15. Further, as can be seen from the photographs below, the entire slope is located in front the Grocery Outlet store:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | SHAW v. JAR-RAMONA PLAZA, LLC | | |



Mot. SJ, Exh. F (photograph by Frisby).



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 16, 2015 |
| Title | SHAW v. JAR-RAMONA PLAZA, LLC | | |



Ashdown Decl., Exh. 3 (photographs by Ashdown).

On October 11, 2013, plaintiff entered a settlement agreement with Grocery Outlet. Declaration of Richard C. Leonard ("Leonard Decl."), Exh. 6. In addition to claims against Grocery Outlet, the settlement's release provision also covered a number of claims against Jar-Ramona. See id. While ruling on Jar-Ramona's summary judgment motion, the Court interpreted the release language as follows:

> [T]he court finds that the most sensible construction of the settlement agreement is that it only release[s] Jar-Ramona as to Common Area Violations in the area directly appurtenant to the Grocery Outlet. This construction of the settlement agreement accords with both the text of the settlement agreement and common sense. Grocery Outlet, which negotiated the settlement agreement, would have an interest in securing a release of Jar-Ramona for violations directly outside its store in order to insulate itself from potential indemnification liability . . . . Accordingly, the Court finds that plaintiff has released Jar-Ramona from liability for the common Area Violations involving areas directly outside the grocery Outlet — i.e., the fourth Common Area Violation, which alleges that the ramp leading to the Grocery Outlet is too steep to ascend safely in a wheelchair. See Compl. ¶ 10(d)(1) . . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 16, 2015 |
| Title | SHAW v. JAR-RAMONA PLAZA, LLC | | |

Dkt. 48 at 8-9.

The Court has examined the diagram of the Plaza and the photographs of the slope at issue in plaintiff's motion for summary judgment. The slope appears to start at the corner of the Grocery Outlet store and progress towards the front of the store. Because, the slope is "appurtenant" to the store and therefore covered by the release, plaintiff is not entitled to a grant of summary judgment on this claim.

   4.  Claims for Injunctive Relief

      a.  Standing

In addition to requesting damages for barriers that he personally experienced, FAC ¶ 10, plaintiff seeks an injunction requiring Jar-Ramona to ameliorate other violations he did not encounter, FAC ¶ 11. A plaintiff who has established standing regarding at least one barrier "may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1047 (9th Cir. 2008). Further, a plaintiff "need not necessarily have personally encountered all the barriers that bar his access to the [store] in order to seek an injunction to remove those barriers." Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (9th Cir. 2002). Once a plaintiff encounters at least one barrier, he has standing to have all barriers related to his disability removed. Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 944 (9th Cir. 2011). On reply, plaintiff argues that, since Jar-Ramona asserts only that plaintiff released his claim of an excessive slope in front the Grocery Outlet, and since Jar-Ramona does not allege that he failed to encounter such a slope, plaintiff "has met the requirements of Chapman to establish standing to seek removal of all barriers at the shopping center relating to his disability." Mtn. SJ at 4.

The Court does not agree that plaintiff may enter a settlement agreement releasing certain claims against Jar-Ramona, but continue to use those claims as a basis for seeking injunctive relief. "Under Article III, § 2, of the Constitution, the federal courts have jurisdiction over [a] dispute . . . only if it is a "case" or "controversy."" Raines v. Byrd, 521 U.S. 811, 818, (1997). Accordingly, if a plaintiff "lacks Article III standing to pursue claims under Title III of the ADA, the Court lacks jurisdiction to hear [the] claim." Harris v. Stonecrest Care Auto Ctr., LLC, 472 F. Supp. 2d 1208, 1214 (S.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 16, 2015 |
| Title | SHAW v. JAR-RAMONA PLAZA, LLC | | |

2007) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). "While standing is established as of the filing of the suit, a claim may become moot even after filing if a litigant does not continue to have a personal stake in the outcome of the lawsuit that is likely to be redressed by a favorable decision." Id. at 1218 (citing Rhodes v. Stewart, 488 U.S. 1, 4 (1988), in which post-filing developments mooted a request for an injunction because plaintiffs no longer stood to receive any benefit from a ruling in their favor).

A plaintiff who has settled his claims and relinquished any hope of recovery does not "continue to have a personal stake in the outcome of the lawsuit that is likely to be redressed by a favorable decision." See Harris, 472 F. Supp. 2d at 1218 (citing Rhodes, 488 U.S. at 4). Thus, where a settlement agreement has released defendant "from any liability for the claims in this action, no 'case or controversy' remains and this Court is without subject matter jurisdiction to reach the merits." Trauner v. Rickards, 698 F. Supp. 822, 823 (N.D. Cal. 1988). Indeed, logic suggests that the removal of a plaintiff's standing to sue is the precise purpose of a settlement agreement. As plaintiff does not have standing to pursue his claim of an excessive slope in front the Grocery Outlet, that claim does not allow him to obtain summary judgment on a request for an injunction against other alleged barriers at the Plaza.

### 5. ADA Repair Budget

In his first amended complaint, plaintiff seeks an injunction against various alleged barriers to access (denial of "full and equal" enjoyment and use, failure to remove architectural barriers in an existing facility, failure to design and construct an accessible facility, failure to make an altered facility accessible, failure to modify existing policies and procedures, and denial of equal access to public facilities). FAC ¶¶ 31, 45. In his summary judgment motion, plaintiff raises an "alternative" to his request for an injunction requiring Jar-Ramona to provide accessible paths of travel, and further requests an injunction requiring defendant "to spend a minimum of approximately $36,000 towards making those paths of travel fully accessible based on the alterations [defendant] has performed to the [Plaza] since it took ownership." Mtn. SJ at 4.

According to plaintiff, "[i]t is not disputed that [defendant] has performed over $180,000 in alterations to the Shopping Center parking areas, or that [defendant] failed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 16, 2015 |
| Title | SHAW v. JAR-RAMONA PLAZA, LLC | | |

allocate the required 20 percent of that amount to providing an accessible path of travel as mandated by the ADA." Id. Plaintiff does not provide any citations to the record in support of this statement. See id. In fact, Jar-Ramona does dispute that it failed to allocate the required 20 percent to retrofitting the Plaza. Jar-Ramona claims to have spent more than $48,000 on ADA-related work correcting the Plaza's path of travel issues, which is well in excess of the required 20 percent. Belcher Decl. ¶ 7; Exh. 11. Thus, even assuming that plaintiff has standing to request injunctive relief, this factual dispute precludes the granting of summary judgment.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for summary judgment.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |