UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 27, 2017 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Tanya Moore | Richard Leonard |

**Proceedings:**    DEFENDANT JAR-RAMONA PLAZA'S MOTION FOR
ATTORNEYS' FEES (Dkt. 119, filed February 22, 2017)

## I.    INTRODUCTION AND PROCEDURAL BACKGROUND

On March 24, 2015, plaintiff voluntarily dismissed the action with prejudice. See
Dkt. 112.  However, some discussion of the case's procedural history is appropriate
before discussing the instant motion for attorneys' fees.

Plaintiff requires the use of a wheelchair when traveling in public.  On August 29,
2013, Cecil Shaw filed an action against defendants JAR-Ramona Plaza, LLC ("JAR"),
Leslie's Poolmart ("Leslie's"), Dollar Tree Stores, Inc. ("Dollar Tree"), Radio Shack
Corporation ("Radio Shack"), Grocery Outlet, Inc. ("Grocery Outlet"), Grocery Outlet
Hemet #100 Inc. ("Grocery Outlet #100"), and Mehnga Foods, doing business as Subway
#33424 ("Subway").[1]  Dkt. 1 ("Complaint").  In his complaint, plaintiff alleged claims
under certain provisions of (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C.
§§ 12182-83, (2) California's Unruh Act, Cal. Civ. Code § 51, et seq., and (3) California
Health and Safety Code § 19955.  Id.  The gravamen of plaintiff's allegations was that he

---

[1] On March 7, 2014, the Court granted Dollar Tree's unopposed motion to sever
and dismiss it from the case. Dkt. 51. On October 24, 2013, August 25, 2014, and
November 24, 2014, the Court granted plaintiff's requests to dismiss Grocery Outlet,
Grocery Outlet #100, Leslie's, and Subway. Dkts. 20, 76, 97. On November 5, 2014, the
remaining parties stipulated to dismiss Radio Shack. Dkt. 94. Between November 2014
and the present, JAR has been the only remaining defendant in this action. Therefore, for
purposes of this order, the Court refers to JAR as defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 27, 2017 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

faced numerous barriers at a shopping plaza owned by JAR and that those barriers violated laws protecting those in wheelchairs.

On January 7, 2014, JAR filed a motion for summary judgment. Dkt. 34. On February 10, 2014, JAR's motion for summary judgment was denied, in part, and granted, in part. Dkt. 48.[2] Regarding plaintiff's allegations that a door to Radio Shack was too narrow, Compl. ¶ 10(c)(2), the Court treated plaintiff's opposition as a request for leave to amend the complaint, which the Court granted. Dkt. 48.

On April 23, 2014, plaintiff filed a First Amended Complaint ("FAC"). The FAC described many of the same alleged obstacles in the original Complaint and added some new alleged obstacles relating to the Radio Shack entrance at the shopping plaza. See generally FAC ¶ 10(b).

On September 25, 2014, JAR filed a new motion for partial summary judgment regarding "remaining common area issues" at the shopping plaza. Dkt. 81. Specifically, JAR challenged plaintiff's two claims for damages under the Unruh Act that were predicated on the alleged inadequacy of the shopping plaza parking lot. JAR did not seek summary judgment regarding other alleged obstacles at the shopping plaza. The Court denied JAR's motion, concluding that there was a material issue of disputed fact regarding whether the alleged parking issues had existed in September 2011, when plaintiff claimed to have visited the shopping plaza. Dkt. 93 at 9.

On January 28, 2015, plaintiff filed a motion for summary judgment with respect to four of the barriers alleged in the FAC.[3] Dkt. 98. On March 16, 2015, the Court denied plaintiff's motion for summary judgment. Dkt. 110.

---

[2] The Court's order on JAR's motion for summary judgment was subsequently amended. The amendments are reflected in docket 68.

[3] Plaintiff's motion was silent with respect to other alleged barriers at the shopping plaza raised in the FAC. The Court's order addressed only those alleged barriers described in plaintiff's motion for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 27, 2017 |
|----------|------------------------|------|----------------|
| Title    | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

On March 24, 2015, the parties stipulated to the dismissal of the action with prejudice.  Dkt. 112.  The parties stipulated that:

1. This action be and hereby is dismissed with prejudice in its entirety.
2. This dismissal is intended to result in a final decision from which an appeal may be taken.
3. This dismissal is not the result of a settlement or other understanding between the parties.
4. Defendant reserves the right to seek its attorneys' fees and costs.

Id. at 2.

On March 30, 2015, plaintiff appealed the Court's denial of summary judgement to the Ninth Circuit.  Dkt. 112.  On January 18, 2017, the Ninth Circuit affirmed this Court's denial of Shaw's summary judgment motion.  Dkt. 115.  On February 9, 2017, the Ninth Circuit filed its Mandate pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.  Dkt. 116.

On February 13, 2017, JAR's counsel filed a document into the electronic docket styled as a "STIPULATION for Judgment."[4]  Dkt. 117.  On February 15, 2017, the Court signed JAR's proposed "judgement," which stated:

2. Defendant JAR-Ramona Plaza, LLC is the prevailing party in this litigation and is entitled to its costs, including its costs on appeal.

3. This Judgment shall be amended to reflect the amount of any costs, including, *if applicable*, any attorneys' fees, subsequently ordered by this Court.

---

[4] The electronic docket does not actually contain any stipulation from the parties. Instead, the only document in the docket is what appears to be a proposed judgment with no accompanying stipulation.  At the bottom of the document, below a blank signature block for the Court, it says it has been "Submitted by" JAR's counsel.  See Dkt. 117.  The docket does not indicate that plaintiff joined in a stipulation for the "judgment," signed the document, or otherwise assented to its filing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 27, 2017 |
|----------|------------------------|------|----------------|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

Dkt. 118 (emphasis added).

On February 22, 2017, JAR filed the instant motion seeking attorneys' fees from both plaintiff and plaintiff's counsel. Dkt. 119 ("Mot."). On March 1, 2017, plaintiff filed an opposition. Dkt. 122 ("Opp'n"). On March 20, 2017, JAR filed a reply.[5] Dkt. 124 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

Where a party seeks attorneys' fees as the prevailing party, it must bring a motion and the motion must "be filed no later than 14 days after the entry of *judgment*." Fed. R. Civ. P 54(d)(2) (emphasis added). For purposes of Rule 54, a "judgment" is a "decree and any order from which an appeal lies." Id. at 54(a).

The instant motion for attorneys' fees was filed on February 22, 2017, nearly two years after the underlying action was dismissed with prejudice. During most of the intervening time, the case was on appeal to the Ninth Circuit. After the Ninth Circuit affirmed and issued its formal mandate, JAR filed a purported "STIPULATION for Judgment," containing a proposed "judgment," which the Court signed. JAR argues that the instant motion is timely because it was filed within fourteen days after the Court signed the "judgment" in JAR's favor. However, the instant motion is untimely.

One purpose of the fourteen-day filing rule 'is to assure that the opposing party is informed of the claim [for attorneys' fees] before the time for appeal has elapsed.' The fourteen-day filing requirement also 'affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind.'

---

[5] JAR's motion was scheduled to be heard on March 27, 2017, at 10:00 a.m. Dkt. 120. Therefore, JAR-Ramona's reply appears to be untimely. See Local Rules – Central District of California 7-10. Nonetheless, the Court will consider JAR-Ramona's reply, which does not alter the Court's reasoning here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 27, 2017 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

Gonzalez v. Planned Parenthood of Los Angeles, Case No. 05-cv-08818-BRO, 2015 WL 12659936, at *6 (C.D. Cal. Feb. 4, 2015) (quoting the advisory committee notes to Rule 54) (citations omitted).

> In many nonjury cases the court will want to consider attorneys' fee issues immediately after rendering its judgment on the merits of the case . . . . [A prompt motion] also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed *at the same time* as review on the merits of the case . . . . A notice of appeal does not extend the time for filing a fee claim based on the initial judgment.

Fed. R. Civ. P. 54 advisory committee notes to the 1993 amendment (emphasis added). "The local procedure governing attorney's fees should be designed to assure that all issues arising out of a single lawsuit can be considered in one appellate proceeding." Metcalf v. Borba, 681 F.2d 1183, 1187–88 (9th Cir.1982). "Failure to comply with the time limit in Rule 54 is a sufficient reason to deny a motion for fees absent some compelling showing of good cause." In re Veritas Software Corp. Sec. Litig., 496 F.3d 962, 972 (9th Cir. 2007).

In the instant motion, JAR argues that the Court's signature on a "judgment" in February 2017 should revive the period in which JAR could bring a timely motion. JAR is incorrect. Plaintiff's voluntary dismissal with prejudice under the circumstances of this case was a "final appealable judgment" within the meaning of Rule 54. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995). That judgment took immediate effect when plaintiff filed the parties' joint stipulation that this action be dismissed with prejudice. Id. Therefore, the 14-day period in which JAR might file a timely motion for attorneys' fees commenced on March 24, 2015, the same day on which plaintiff's 30-days to appeal began for purposes of Federal Rule of Appellate Procedure 4.

Plaintiff has already appealed and that appeal has ended. Put simply, the controversy being adjudicated in this Court ended two years ago and it was subject to appeal in March 2015. JAR cites no authority, nor can the Court discern any, for its contention that there should now be a second 14-day period, after the appeal, in which to bring a motion for attorneys' fees. Were JAR now permitted to bring a motion for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 27, 2017 |
|---|---|---|---|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

attorneys' fees, any appeal of the attorneys' fees order could not proceed "at the same time" as the appeal of the merits because the merits-appeal has been concluded. The Court can discern no reason why defendant's election to submit a proposed judgement in JAR's favor, years after an appealable final judgment in this case, should affect the timeliness of JAR's attorneys' fees motion. JAR has not, nor can it, revive the 14-day period in which to seek attorneys' fees. Nor has JAR made a compelling showing of good cause for its delay. The instant motion is therefore denied as untimely.

Assuming arguendo that it were timely, notwithstanding the intervening time, JAR's motion would nonetheless be without merit. To show entitlement to attorneys' fees, as JAR acknowledges, see Reply at 3, JAR must demonstrate that "the plaintiff's action was frivolous, unreasonable, or without foundation," Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997).

"[D]enials of motions to dismiss and summary judgment may suggest that a plaintiff's claims are not without merit." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1041 (9th Cir. 1990), as amended on denial of reh'g (May 24, 1991). Here, plaintiff's claims withstood a motion for summary judgment and then were *voluntarily* dismissed. JAR argues that the allegations of the FAC were frivolous, notwithstanding the denial of JAR's summary judgment motion, because:

> the only 'factual disputes' were based on Plaintiff's unsupported claims. But beyond Plaintiff's claims, there was no *other evidence* presented by the Plaintiff that such [obstacles at the shopping plaza] existed . . . Thus, when faced with being 'put to his proof' at trial, Plaintiff 'tucked tail and ran.'

Reply at 4 (emphasis added). However, what JAR characterizes as "Plaintiff's unsupported claims," were statements by plaintiff in a declaration that plaintiff submitted in opposition to JAR's motion for summary judgment. See Dkt. 88-3, Declaration of Cecil Shaw. Plaintiff was not required to submit "other evidence" to withstand summary judgment. In his declaration, Shaw described his experience and observations when he visited JAR's shopping plaza in 2011. Id. Shaw described obstacles he encountered which might have constituted violations of the Unruh Act. With respect to JAR's, then-pending motion for summary judgment, Shaw's declaration demonstrated a material issue of disputed fact. See Dkt. 93 (the Court's order denying JAR's second motion for summary judgment). In arguing that the Court should find plaintiff's suit to have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 27, 2017 |
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. |

frivolous, notwithstanding the denial of JAR's summary judgment motion, JAR effectively seeks a finding that plaintiff's declaration, made under penalty of perjury, was false. The Court declines to render such a finding.

Furthermore, JAR's September 25, 2014 motion for partial summary judgment did not seek adjudication of several of plaintiff's claims – the motion was limited to two parking allegations. Other barriers alleged in the FAC were never addressed in either parties' motion for summary judgment and were never adjudicated on the merits. That plaintiff ultimately elected to dismiss the claims against JAR does not, standing alone, provide a basis for finding that his allegations were frivolous.

Federal Rule of Civil Procedure 41 permits a plaintiff to voluntarily dismiss an action without a court order under two circumstances: (1) "before the opposing party serves either an answer or motion for summary judgment" or (2) by filing a "stipulation of dismissal signed by all parties." Fed. R. Civ. P. 41(a)(1)(A). Here, JAR stipulated to plaintiff's voluntary dismissal. JAR entered that stipulation before several of plaintiff's claims had been adjudicated on their merits. Although nothing precludes a motion for attorneys' fees where the defendant has stipulated to the voluntary dismissal,[6] plaintiff's voluntary dismissal of this action does not mean he never experienced obstacles at the shopping plaza. The Court declines to infer that this action was filed in bad faith merely because plaintiff voluntary dismissed it. That fact, standing alone, is not an adequate basis for determining that the action was frivolous. See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421–22 (1978) ("it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation").

For the foregoing reasons, JAR's motion for attorneys' fees is **DENIED** as both untimely and without merit.

---

[6] Here the stipulation expressly reserved defendant's right to bring a motion for attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **'O'**

| Case No. | 5:13-cv-01563-CAS(SPx) | Date | March 27, 2017 |
|----------|------------------------|------|----------------|
| Title | CECIL SHAW V. JAR-RAMONA PLAZA LLC ET AL. | | |

### III.  CONCLUSION

JAR's motion for attorneys' fees is **DENIED**.

IT IS SO ORDERED.

| | 00 | 04 |
|-------------------|----|----|
| Initials of Preparer | CMJ | |